IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2224 |
| | § | |
| SFM, LLC, RON HAAS, and STEPHEN, QUIROZ, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

In May 2018, Robert Perales, representing himself, sued SFM, LLC, Ron Haas, and Stephen Quiroz in Texas court. (Docket Entry No. 1-1). The defendants removed and moved to dismiss and to compel arbitration. (Docket Entry Nos. 1, 3). Perales did not respond. On August 24, 2018, the court held an initial conference. (Docket Entry No. 9). Perales failed to appear or to notify the court of any inability to do so. (*Id.*). On August 27, 2018, the court dismissed the case, without prejudice, in favor of arbitration. (Docket Entry No. 10).

On January 16, 2019, Perales moved to reinstate the case. (Docket Entry No. 11). He argues that reinstatement is warranted because he was displaced by Hurricane Harvey, and because he had suffered a stroke after filing the case. (*Id.* at 1). Perales submitted medical records showing that he was hospitalized from July 31 to August 1, 2018. (*Id.* at 3).

SFM responds that there is no basis to reinstate the action. (Docket Entry No. 12 at 3). According to SFM, Perales failed to timely appeal the order of dismissal, and his motion for reinstatement does not address the parties' arbitration agreement. (*Id.* at 4). SFM further argues that Perales fails to establish exceptional circumstances necessary for reinstatement. (*Id.* at 6).

Because Perales failed to timely appeal the order of dismissal and moved for reinstatement five months after the order was entered, his motion falls under Federal Rule of Civil Procedure 60(b). *See* FED. R. APP. P. 4(a)(1)(A); FED. R. CIV. P. 60(b); *Demahy v. Schwarz Pharm. Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (a party may move to alter judgment under Federal Rule of Civil Procedure 59(e) only if the motion is filed within 28 days of the court's ruling). "The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (alterations omitted) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

A motion for reinstatement under Rule 60(b) filed after the expiration of the appeal's period requires a showing of exceptional circumstances. *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8–9 (5th Cir. 1991); *Randall v. Thoma-Sea Boat Builders, Inc.*, 8218 F.3d 744, 2000 WL 821623, at *1 (5th Cir. 2000). Perales has met that burden. The court reinstates the case and requires Perales to respond to the defendants' motion to compel arbitration based on the parties' arbitration agreement. He must do so by **March 1, 2019**.

SIGNED on February 1, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge